IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40383
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANCISCO HERMAN,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-94-CR-218-1
- - - - - - - - - -
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Francisco Herman challenges the district court's finding that he obstructed justice and its refusal to grant a downward adjustment for acceptance of responsibility.

The adjustment for obstruction of justice may be appropriate if the defendant threatens, intimidates, or otherwise unlawfully influences a co-defendant, witness, or juror, directly or indirectly, or attempts to do so.  U.S.S.G. § 3C1.1, comment. (n.3(a)); see United States v. Graves, 5 F.3d 1546, 1555 (5th

_____

        [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Cir. 1993), cert. denied, 114 S. Ct. 1829 (1994). The evidence submitted at sentencing amply demonstrated that Herman schemed to discredit the testimony of his codefendant, Miguel Angel Adame, in an attempt to exonerate Herman's girlfriend, Kimberly Miles. Accordingly, the district court did not err in finding that Herman attempted to obstruct justice. Graves, 5 F.3d at 1555 (district court's finding that a defendant has obstructed justice under § 3C1.1 is a factual finding reviewed for clear error).

"Conduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1 n.4. This court applies a very deferential standard of review to a district court's refusal to credit a defendant's acceptance of responsibility. See United States v. Thomas, 12 F.3d 1350, 1372 & n.39 (5th Cir.) (applying "clearly erroneous" standard and noting, that there "appear[ed] to be no practical difference" between that standard and the "without foundation" or "great deference" standards used in other cases) (internal quotations and citations omitted), cert. denied, 114 S. Ct. 1861, 2119 (1994).

The evidence demonstrated that Herman not only obstructed justice by attempting to influence the testimony of others, but that he also lied about this scheme at sentencing. Accordingly, the district court did not err in determining that Herman was not entitled to a reduction for acceptance of responsibility.

The judgment of the district court is AFFIRMED.